UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  VERONICA LEONARD-CARTER,             :

                             Plaintiff,        :
                                          :     **MEMORANDUM DECISION AND**
         -against-              :     **ORDER**

  UNITED STATES OF AMERICA,       :     24-cv-7894 (BMC)

                         Defendant.      :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is a slip-and-fall case that has been brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, because plaintiff fell on a United States Postal Service property. The issues raised by defendant's motion for summary judgment are, if I were sitting as finder of fact at trial (as I would be if I denied this motion because there is no jury in an FTCA case) instead of determining a motion for summary judgment, could I reasonably find on this record that: (1) the slip was not due to a snow storm, but to a wet floor left by a janitor employed by defendant; and (2) if so, did defendant have actual or constructive notice that the floor was wet so that it had to dry the floor. The answer to these questions is "no," and, accordingly, defendant's motion is granted.[1]

In addition, plaintiff has cross-moved for "spoliation sanctions" as a result of defendant's failure to preserve a certain videotape, in which she asks "for an adverse inference jury instruction" (even though there is no jury in an FTCA case). That motion is also denied for the reasons discussed below.

---

[1] Plaintiff's opposition to defendant's motion for summary judgment was so permeated with grammatical, spelling, and punctuation errors it was difficult for the Court to understand.

1.      The record is undisputed that the janitor had mopped the floor two hours before the post office opened, and plaintiff entered after the post office opened. I would have to find at trial that it took more than two hours for the floor to dry, which I could not reasonably do. Just as importantly, the photographs that plaintiff took immediately following the accident do not show a wet mopped floor. They show a dry floor except for a pattern of wetness that clearly reflects the path that customers took as they tracked in moisture from the outside during or after the storm. The fact that the janitor had not yet removed the "CAUTION – wet floor" sandwich board does not, as many cases have held, raise an issue as to whether the floor had been freshly mopped. See Bogery v. United States, No. 17-cv-6996, 2018 WL 4265901, at *4 (S.D.N.Y. Sept. 6, 2018) ("The fact that an employee had, at some point, placed a sign in the area of the alleged puddle does not indicate" that the defendant created the puddle, received complaints about the puddle, or saw the puddle); accord Coleman v. United States, No. 19-cv-2149, 2025 WL 888463, at *6 (E.D.N.Y. March 21, 2025); Mahoney v. Whole Foods Mkt. Grp., Inc., No. 21-cv-4127, 2025 WL 486655, at *7 (E.D.N.Y. Feb. 12, 2025) (collecting cases).

2.      Since no reasonable finder of fact could conclude that it was mopping, rather than tracked-in outdoor moisture, that caused plaintiff to slip, this case runs squarely into the line of cases holding that a property owner does not have a duty to warn of wetness from a storm because that is an obvious danger. See Monroe v. United States, 415 F. Supp. 3d 315, 319 (E.D.N.Y. 2019); Hammer v. Acad. Bus Tours, Inc., No. 00-cv-5317, 2001 WL 1360226 (S.D.N.Y. Nov. 6, 2001); Holland v. United States, 918 F. Supp. 87, 90 (S.D.N.Y. 1996); Solazzo v. New York City Transit Auth., 6 N.Y.3d 734, 735, 810 N.Y.S.2d 121 (2005). Plaintiff contends that defendant has not established as a matter of law that there was a storm because defendant is relying on records from the JFK Airport Weather Station which is too far

away.  First, it is only 9-11 miles away, but in any event, that is only one of the authorities upon which defendant has relied to show the storm throughout the entire area.  Second, plaintiff has no evidence to the contrary, except her own affidavit in opposition to defendant's motion which flatly contradicts her deposition testimony ("I don't know. I don't remember how the weather was on that day."), and which I therefore will not consider on this motion.  See Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 482 (2d Cir. 2014) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." (quotation omitted)).  For the same reason, plaintiff has offered no evidence to raise an issue as to whether the wetness was visible and apparent for purposes of constructive notice.

3.  As to the spoliation motion, the facts are much too obscure to support a finding of either negligence or wrongdoing on defendant's part.  Assuming plaintiff's version of the events to be true, she reported her fall to someone at the Post Office who she cannot identify.  The next day, she returned to the Post Office and asked a different unidentified Post Office worker to speak to a manager.  The Post Office worker told the manager that someone in the lobby wanted to speak to him, but did not tell the manager that this person had suffered a fall.  The manager finished up with the customer with whom he was working, and then went to the lobby to locate the person who was reported to be looking for him, but plaintiff had already left.  Plaintiff also filed a complaint with the Postal Service's main office, but her only grievance was that a staff member had been rude to her at the post office.  Thus, there was no official notice of the fall received by the Postal Service and the need to preserve the videotape did not arise.

4.  In addition, I am unconvinced that plaintiff has been prejudiced by the absence of the video.  It would be one thing if the Postal Service was contesting whether plaintiff slipped

3

and fell on a wet floor, but it is not. The floor was wet, she slipped and fell. Moreover, there are contemporaneous photographs showing the very spot in which she slipped and fell, and, as noted above, they plainly indicate a wet floor. Plaintiff has lost nothing by not having a video of the incident.

5.   Accordingly, defendant's motion for summary judgment is granted, and plaintiff's motion for sanctions is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
        May 16, 2025

4